# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GREGORY J. BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-2025-EFM |
| ) | |
| **JULIE ORR,** ) | |
| **GENETIC TECHNOLOGIES, INC., and** ) | |
| **VICKI TURETSKY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motions to proceed in forma pauperis (Doc. 2) and for the appointment of counsel (Doc. 3). For the reasons set forth below, the court recommends that plaintiff's motions be DENIED.

Proceeding in forma pauperis in a civil case is a privilege, not a right. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means. 28 U.S.C. § 1915(a)(1). The court is required to dismiss a case proceeding in forma pauperis at any time if the court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2).

The claims in this case reflect the continuation of plaintiff's history of filing pro se lawsuits in this District against the Kansas Department of Social and Rehabilitation Services (SRS) and Genetic Technologies. In <u>Barnes v. Kansas Department of Social and Rehabilitation Services</u>, Case No. 04-1382-WEB (filed December 10, 2004), plaintiff alleged that defendant violated various constitutional amendments during a state court paternity action where it was determined that he was the father of a child and obligated to pay child support. The Honorable Wesley E. Brown summarized the history of the state paternity action in a Memorandum and Order:

> In the state proceedings, a district judge found plaintiff was the natural father of a certain child and ordered plaintiff to pay child support and other expenses on behalf of the child. Plaintiff filed several motions in the state district court seeking to vacate the judgment, and he twice appealed the matter to the Kansas Court of Appeals, but these efforts were unavailing. The Kansas Court of Appeals affirmed the judgment in two unpublished orders. Plaintiff then filed the instant federal action claiming the defendants violated his constitutional rights under the Fourth, Sixth, Fourteenth and Fifteenth Amendments to the U.S. Constitution. (footnote and citations omitted).

Judge Brown dismissed plaintiff's federal lawsuit based on the <u>Rooker-Feldman</u> doctrine. (Case No. 04-1382-WEB, Doc. 11, filed June 5, 2005).

Plaintiff did not appeal Judge Brown's ruling and filed a second lawsuit against the Kansas Department of Social and Rehabilitation Services on August 31, 2005. (Case No. 05-1273-MLB). Finding that the claims in the second case were essentially the same as those rejected by Judge Brown, Judge Belot dismissed plaintiff's second case with prejudice.

(Order, Doc. 4, filed September 26, 2005).

Plaintiff did not appeal Judge Belot's ruling and filed a lawsuit against his former attorney in the state court paternity action. (Barnes v. Roberts, Case No. 05-1327-WEB, filed October 31, 2005). Judge Brown dismissed this third case based on the lack of federal subject matter jurisdiction. (Memorandum and Order, Doc. 3, filed March 22, 2006).

Plaintiff also filed a lawsuit in federal court against Genetic Technologies, Inc., a company that provided DNA testing in the state paternity action. (Barnes v. Genetic Technologies, Inc., Case No. 05-1328-MLB, filed October 31, 2005). Judge Belot granted Genetic Technologies' motion for summary judgment based on the applicable statute of limitations. (Memorandum and Order, Doc. 96, filed August 14, 2006). Plaintiff appealed this ruling and the Tenth Circuit affirmed the decision of the District Court. (Appeal Mandate, Doc. 118, filed June 15, 2007).

Now, six years later, plaintiff requests permission to proceed in forma pauperis in a lawsuit against Genetic Technologies Inc., Julie Orr, and Vicki Turetsky. Plaintiff's allegations and claims against Genetic Technologies are essentially the same allegations as those asserted in Case No. 05-1328-MLB and are barred by res judicata. Plaintiff's prior case against Genetic Technologies: (1) ended with a judgment on the merits; (2) involved both Mr. Barnes and Genetic Technologies, (3) arose from the same cause of action, and (4) provided plaintiff a full and fair opportunity to litigate his claim. See, e.g., Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997)(requirements for res judicata). Under the circumstances, plaintiff should be barred from bringing a second lawsuit against Genetic

Technologies that also relates to the DNA tests which were considered in the state paternity action. Plaintiff's claims against Genetic Technologies are frivolous and malicious and subject to dismissal under 28 U.S.C. § 1915(e)(2).

Plaintiff also asserts a claim against Vicki Turetsky alleging:

> [t]his situation is a blatant use of power from Washington, D.C. to California. This happens every day. Ms. Turetsky [sic] job is make sure all DNA companys [sic] are accredited and follow state and federal guidelines.

This vague allegation fails to state a claim on which relief may be granted and should be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attempt to assert a claim against Ms. Turetsky for DNA test results that were utilized in the 2001 state court paternity action is both frivolous and malicious.[1]

Finally, plaintiff asserts a claim against Julie Orr. Plaintiff alleges that Julie Orr is employed by the "SRS Child Support Enforcement" in Wichita, Kansas and that she has "used her office for false imprisonment and corruption." Specifically, plaintiff complains that she caused him to be imprisoned for two months at some point during child support enforcement proceedings and "I am still required to go to court every 60 to 90 days even

---

[1] Although not stated in plaintiff's petition, research reveals that Vicki Turetsky is the Commissioner for the Office of Child Support Enforcement in the U.S. Department of Health and Human Services Administration for Children and Families. The court is aware of no authority for Barnes to bring a vague private cause of action against a high ranking government official merely because he believes she "hasn't done her job." There is no allegation or suggestion that Turetsky had any personal involvement in the events surrounding Genetics Technologies' DNA test results associated with the 2001 state paternity case.

-4-

though I have not missed a child support payment."

Liberally construed, plaintiff seeks to assert a claim against Julie Orr to secure some vague relief from the ongoing child support enforcement proceedings in state court. Because there is no final order in those proceedings, the Rooker-Feldman doctrine has no immediate application to the claim against Julie Orr. However, for reasons of efficiency and economy, the claim against Julie Orr should be dismissed under the Colorado River doctrine. The factors the court considers in applying the Colorado River doctrine are: (1) whether the state or federal court first assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. Osguthorpe Family Partnership v. ASC Utah, 705 F.3d 1223, 1234 (10th Cir. 2013). No one factor is necessarily determinative and the court must carefully take into account both the obligation to exercise jurisdiction and "the combination of factors counseling against that exercise." Id.

The first factor under the Colorado River doctrine weighs in favor of dismissing the claim against Julie Orr because the state court first assumed jurisdiction over the paternity action and the issues surrounding the enforcement of the child support order. The second and third factors also weigh heavily in favor of dismissal because the federal forum is an inconvenient forum to address the regular and ongoing issues of child support payments and results in piecemeal litigation. Finally, the fourth factor supports dismissal because state jurisdiction of the child support issue was obtained at least ten years before this case was filed. The state court is fully capable of addressing plaintiff's concerns that Ms. Orr is

somehow abusing her authority. Under the circumstances, the claim against Julie Orr should be dismissed under the Colorado River doctrine.

A magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed in forma pauperis. See, Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge). Accordingly, the undersigned magistrate judge issues this report and recommendation that plaintiff's motion to proceed in forma pauperis be denied and that the case be dismissed.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to proceed in forma pauperis **(Doc. 2)** be **DENIED and that the case be DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel **(Doc. 3)** is **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C), plaintiff may serve and file written objections to the proposed findings and recommendations with the clerk of the district court within **fourteen (14) days** after being served with a copy of this recommendation and report. Failure to make a timely objection to this report and recommendation waives appellate review of both factual and legal issues.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of March 2013.

                                                    S/ Karen M. Humphreys
                                       _____
                                       KAREN M. HUMPHREYS
                                       United States Magistrate Judge